## LIZZIE PALMER v. THE PEOPLE.

*Complaint for disorderly conduct—Evidence—Prisoner's statement.*

A complaint before a justice was held sufficient which alleged under the proper venue that "on the 2d day of February A. D. 1880, and for thirty days next preceding said day, at the city of Ionia, in said county, Lizzie L. Palmer is, and for said thirty days has been, a disorderly person within the meaning of section one of chapter fifty-three of the Compiled Laws of said State, for that she, the said Lizzie L. Palmer, at the city of Ionia aforesaid, is and was for said thirty days the keeper of a bawdy house, contrary to the form of the statute," etc.

A justice is not held to strict rules as to the reception of evidence in proceedings for disorderly conduct, and his rulings will not be reviewed by the Supreme Court on *certiorari* farther than to see that injustice has not been done by them.

A person on trial before a justice should make his statement to the jury at the proper time, before the prosecutor has summed up, and if he does not do so, he cannot complain of the justice's refusal to allow him to do so afterward.

CERTIORARI to William B. Thomas, justice of the peace. Submitted April 21. Decided April 28.

*Smith & Sessions* and *A. B. Morse* for plaintiff in certiorari. A complaint for keeping a bawdy house should state what facts constitute the offense, 2 Bish. Cr. Pro.

§§ 273-5; Tiffany Crim. Law 42, 250; *People v. Jackson* 3 Den. 101; *People v. Wilber* 4 Parker's Cr. Rep. 19-23; *People v. Phillips* 1 id. 104; *Enders v. People* 20 Mich 233; *People v. Olmstead* 30 Mich 431.

Attorney General *Otto Kirchner* for the people, cited to the sufficiency of the complaint, *Stratton v. Com.* 10 Met. 217; *Com. v. Davis* 11 Pick 432, and argued that the writ of certiorari was issued improvidently, citing *Farrell v. Taylor* 12 Mich. 113; *Smith v. Reed* 24 Mich. 240; *Withington v. Southworth* 26 Mich. 381; *Adams v. Abram* 38 Mich 302.

COOLEY, J. This case is brought before us by common-law writ of *certiorari* allowed by a circuit court commissioner. It appears from the return that the plaintiff in error has by a justice of the peace been adjudged a disorderly person, and required to enter into recognizance for her good behavior for one year, and that she has done so under protest. The disorderly conduct consisted in being keeper of a bawdy house. She complains that the justice refused on her motion to quash the complaint as insufficient; that he received evidence which was not strictly admissible according to the rules of law; that he refused to allow her to make her statement to the jury after the prosecutor had made his summing up, she not having offered to make one before, and that he charged the jury upon the law. Little need be said upon any of these complaints.

The complaint was sufficient. A copy is given in the margin,* and it will be seen to be in the general form

---

*The complaint was as here given:

" William B. Thomas, justice of the peace.

STATE OF MICHIGAN, ⎰ ss.
    COUNTY OF IONIA,   ⎱ ss.

The complaint and examination on oath and in writing of Erastus H. Stanton, taken and made before me, a justice of the peace, of the city of Ionia, in said county, upon the 2d day of February, A. D. 1880, and for thirty days next preceding said day, at the city of Ionia, in said county, Lizzie L. Palmer is and for said thirty days has been a disorderly person within the meaning of section one of

commonly made use of in such cases. *Stratton v. Commonwealth* 10 Met. 217; Tiff. Cr. Law by Howell (2d ed.) 250.

We cannot in cases of this sort review the rulings of the justice on the reception of evidence, and hold him to the same strict rules which are properly enforced in courts of record. All we can undertake to do is to see that injustice has not been committed by erroneous rulings. Of that we find no evidences in the record. There was evidence, entirely unexceptionable in character, sufficient to warrant a conviction, and none received of a questionable nature which would have been likely to prejudice her.

If plaintiff in error desired to make a statement to the jury, she should have made it at the proper time, before the summing up commenced. When she asked leave to make it afterwards, she appealed to the discretion of the justice, and cannot complain of his decision.

The charge of the justice could not have prejudiced this party. He did little more than to state to them what the nature of the case was, and to inform them that the whole case was submitted to their decision. No other allegations of error seem to us to require attention.

The writ of *certiorari* must be quashed as improperly issued.

The other Justices concurred.

chapter fifty-three of the Compiled Laws of said State, for that she, the said Lizzie L. Palmer, at the city of Ionia aforesaid, is and was for said thirty days the keeper of a bawdy house, contrary to the forms of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

Wherefore the said Erastus H. Stanton prays that the said Lizzie L. Palmer may be apprehended and held to answer this complaint and further dealt with in relation to the same as law and justice may require. ERASTUS H. STANTON.

Taken, subscribed and sworn to before me the day and year first above written. WM. B. THOMAS,

Filed this 2d February, 1880. *Justice of the Peace.*"